KENNETH S. HIXSON, Judge, dissenting. As pointed out in Judge Vaught’s dissenting opinion, the majority goes to great lengths to include what I believe are irrelevant minutia concerning the defendant to justify affirming the revocation. The issue in this appeal should not include a debate on the unhappy and disappointing background of the defendant or whether his mother was overly protective; rather, this appeal should be focused on whether | iSthe defendant inexcusably violated a term of his probation. Assuming everything the majority writes is true, the imposition of a ten-year prison sentence because the defendant failed to obtain a written permission slip prior to receiving bona fide medical treatment out-of-state is a gross injustice, and in my view unacceptable. The testimony of the probation officer was unequivocal that, when the defendant went to California at his mother’s prompting to attend an in-house rehabilitation center, the defendant was fully compliant with all the terms of his probation. Because the defendant attended the two-week in-house rehabilitation center in California before obtaining permission, the trial court believed he had a “change of residence.” Based on this “change of residence,” the trial court determined that he had violated his probation, and it changed a five-year probation sentence to a ten-year term of imprisonment. At worst, the trial court and our court should have determined that, even assuming there had been a violation, it was excusable. Accordingly, I am left with a firm conclusion that a mistake has been made. Because the trial court’s finding that appellant inexcusably violated his probation was clearly against the preponderance of the evidence. HARRISON and VAUGHT, JJ., join.